IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAWN C. FORBES** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO: 3:20-cv-00039-MPM-JMV**

**CITY OF HORN LAKE, MISSISSIPPI and**
**ARIANNE LINVILLE,** *In Her Individual Capacity*, **DEFENDANTS**

## ORDER MODIFYING SUBPOENA

This matter is before the court upon the motion of the Equal Employment Opportunity Commission ("EEOC"), a non-party, to quash a subpoena deuce tecum issued to it by defendant, City of Horn Lake, on the basis that it fails to allow a reasonable time to comply.[1]

While it is the case that the subpoena failed to allow a reasonable time to comply following its service, the court in its discretion, under these circumstances—including the implication of the COVID-19 virus and the EEOC's closing its office—will modify the subpoena such that it is now answerable within fourteen (14) days of today's date.[2] *See* Fed. R. Civ. P. 45; *Wittmann v. Unum Life Ins. Co. of Am.*, No. CV 17-9501, 2018 WL 3374164, at *1 (E.D. La. July 11, 2018) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright.")).

ORDERED, this the 23rd day of July, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[1] The EEOC states several bases in its [19] motion to quash and corresponding memorandum. However, aside from privilege arguments, which the court has made provision for in this order, the only substantive argument for which authority is offered, in the court's view, is their argument that the subpoena did not allow a reasonable time to comply, pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i).

[2] The EEOC's production and response should include a privilege log pursuant to Fed. R. Civ. P. 45 and the Local Uniform Civil Rules.